1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WOOLSEY,<br><br>                                     Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br>JACK REED, and DOES 1–25,<br><br>                                 Defendants. | Case No.:  3:21-cv-00877-BEN-AHG<br><br>**ORDER**<br><br>**(1) GRANTING IN PART JOINT MOTION TO CONTINUE CASE MANAGEMENT DEADLINES, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 22]** |

Before the Court is the parties' joint motion to continue case management deadlines. ECF No. 22. The parties seek to extend all deadlines set forth in the Court's Scheduling Order (ECF No. 16) by approximately 60 days. ECF No. 22 at 2.

Parties seeking to modify the scheduling order under Rule 16(b) must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 16 at 5 (scheduling order, stating that the "dates and times set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the

1

request"); *see also* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 610 (9th Cir. 1992). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. ... If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that they seek a 60-day continuance of all case management deadlines because of "unexpected COVID-19 issues, availability of witnesses, difficulty in compiling discovery information, and Plaintiff's attorney's pending trial call on January 21." ECF No. 22 at 1.

As an initial matter, the parties' motion is deficient. First, the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"). The Court will take the parties at their words without the required declaration, but will not do so again.

Second, the parties' motion failed to include specific facts or any framework for a finding of diligence. The motion includes one sentence regarding the reason for seeking the continuance—"unexpected COVID-19 issues, availability of witnesses, difficulty in compiling discovery information, and Plaintiff's attorney's pending trial call on January 21." ECF No. 22 at 1. Without more, this conclusory sentence is simply

insufficient. *See, e.g.*, ECF No. 16 (discovery has been open since August 2021). Court staff reached out to the parties for more detailed reasoning for the requested continuance, and the parties failed to respond. ECF No. 23. Therefore, the Court set a discovery conference in the matter, to ascertain the parties' reasons for seeking the continuance. *Id.*; ECF No. 24. After the discovery conference, the Court required the parties to submit a joint status report including "a list of depositions that will be taken, the firm dates for each deposition, and confirmation that all depositions notices have been served." ECF No. 25. The parties have since filed their joint status report (ECF No. 26), which lists 13 depositions yet to be taken. This information should have been included in the required declaration in the original joint motion.

Despite the joint motion's shortcomings, based on the representations of counsel at the recent discovery conference and upon review of the parties' joint status report, the Court finds good cause to **GRANT IN PART** the motion. The Court issues the following **Amended Scheduling Order**:

1. No further discovery (written or via deposition notice) is allowed to be served after the original January 25, 2022 fact discovery cutoff, except for expert discovery. *See* ECF No. 25.

2. All fact discovery (limited via ECF Nos. 25, 26) shall be completed by all parties by **<u>March 25, 2022</u>**. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the

parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

3. The parties shall designate their respective experts in writing by **April 25, 2022**. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **May 25, 2022**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

4. By **April 25, 2022**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **May 25, 2022**.

6. All expert discovery shall be completed by all parties by **June 27, 2022**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court

may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7.      All other pretrial motions must be filed by **August 19, 2022**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard. Deadlines for filing motions in limine will be set by the district judge at the final Pretrial Conference.

8.      When filing a Motion for Summary Judgment and/or Adjudication, the parties need not file a separate statement of material facts absent prior leave of court.

9.      A   Mandatory   Settlement   Conference   shall   be   conducted   on **November 9, 2022** at **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**.  Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **October 19, 2022**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.  Counsel for the parties must meet and confer in person, by videoconference, or by phone no later than **October 26, 2022**.  Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **November 2, 2022**.  The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than

**November 2, 2022**.   The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.  **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**.

10.   In jury trial cases before the Honorable Roger T. Benitez, neither party, unless otherwise ordered by the Court, is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f)(2).

11.   Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **January 3, 2023**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

12.   Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **January 9, 2023**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

13.   Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **January 17, 2023**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14.     The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **January 23, 2023**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

15.     The final Pretrial Conference is scheduled on the calendar of the **Honorable Roger T. Benitez** on **January 30, 2023** at **10:30 a.m.**

16.     The parties must review the chambers' rules for the assigned district judge and magistrate judge.

17.     A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18.     The dates and times set forth herein will not be modified except for good cause shown.

19.     Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

20.     Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated:  January 31, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge